Haley, J., dissenting.
I respectfully dissent.
I.
Although admitting that a “jury’s verdict will not be disturbed unless it is plainly wrong or without evidence to *399 support it,” Guda v. Commonwealth, 42 Va.App. 453, 457, 592 S.E.2d 748, 750 (2004), the majority nonetheless concludes “as a matter of law that the evidence, viewed in the light most favorable to the Commonwealth, was insufficient to support a finding that appellant knew or should have known anyone in [the victim’s] car was injured.” Respecting the jury’s decision to the contrary, I dissent.
II. FACTS
The following adds to and emphasizes the facts as set forth by the majority.
In December of the year preceding the August 9, 2004 accident, Ms. Swanson had had two surgeries in which rods were inserted “in [her] upper and lower back” because of “deteriorating discs.” As to the accident, she testified that there was a “rather hard impact. It pushed us some” and that she “was frightened. And I felt pain.” After she pulled to the shoulder, and the appellant had fled, “[t]he people from the emergency vehicles came over.” After taking her blood pressure, which was found elevated, and upon her telling them of her pain, medical personnel “took her to the hospital.” At the hospital a CT scan and X-rays were taken. Though Ms. Swanson was released from the hospital seven hours after arrival, as of the date of trial, approximately eleven months after the incident, she “still [has] problems with [her] neck.” The damages to Ms. Swanson’s car totaled approximately $600.
Deputy Ron Christefano heard a “bang” when appellant’s vehicle collided with Ms. Swanson’s. He testified that Ms. Swanson
said she was okay. I told her to pull on the side of the road. I went over to the second vehicle and told [appellant] to ... pull over on the side of the road. When I did that, at that time an ambulance was on the scene for the original reason[4] *400 why I went out there.... When I turned my back to talk to the other deputy, I looked over my shoulder and the [appellant] in the second vehicle shot off.
III. JURY INSTRUCTIONS
The trial court considered the primary issue, that is, whether knowledge of injury could be attributable to a reasonable person under the circumstances, as one for jury determination. Relevant portions of the instructions to the jury follow:[5]
From Instruction 5 defining the elements of the offense: “(3) That the defendant knew, or should have known, that another person was injured by the accident.”
Instruction 7: “The word ‘injury’ as used in these instruction[s] means any physical damage to the body caused by violence or accident.”
From Instruction 8: “the Commonwealth must prove ... knowledge of injury which would be attributed to a reasonable person under the circumstances of the case.”[6]
From Instruction 9: “for an element may also be proved by circumstantial evidence. You may convict the defendant on circumstantial evidence alone.... ”
IV. ANALYSIS
The verdict of a jury “cannot be overturned on appeal unless no ‘rational trier of fact’ could have come to the conclusion it did.” Stevens v. Commonwealth, 46 Va.App. 234, 248, 616 S.E.2d 754, 761 (2005) (quoting Kelly v. Commonwealth, 41 Va.App. 250, 257, 584 S.E.2d 444, 447 (2003) (en *401 banc)). See also Pease v. Commonwealth, 39 Va.App. 342, 355, 573 S.E.2d 272, 278 (2002) (en banc) (“We let the decision stand unless we conclude no rational juror could have reached that decision.”), aff'd, 266 Va. 397, 588 S.E.2d 149 (2003); O’Connell v. Commonwealth, 48 Va.App. 719, 726, 634 S.E.2d 379, 382 (2006). “This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.” Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis added).
That standard of review does not permit us to “substitute our judgment for that of’ a properly instructed jury. See Wactor v. Commonwealth, 38 Va.App. 375, 380, 564 S.E.2d 160, 162 (2002). It is my view the majority does not honor that standard and engages in the substitution that standard prohibits. Accordingly, I dissent.

. The dissent acknowledges that the ambulance had been called as a result of the accident that caused Ms. Swanson to slow and stop before *400 being hit in the rear by the appellant. Nonetheless, an ambulance was "on the scene” when appellant fled.

. Appellant took no exception to these instructions.

. The language of this instruction was taken verbatim from Kil v. Commonwealth, 12 Va.App. 802, 811, 407 S.E.2d 674, 679 (1991) ("and such knowledge of injury which would be attributed to a reasonable person under the circumstances of the case”).